MEMORANDUM *
National Security Technologies (NST) presented evidence that “[mjanagement ha[d] lost trust and confidence' in Peterson” because he reported the racist email to a lower-ranking employee and gave non-credible reasons for failing to report the email to Employee Relations in accordance with company policy. For these reasons, NST’s Disciplinary Action Review Board (DARB) recommended firing Peterson. DARB member Kenneth Andriessen testified that he provided the Board’s recommendation to Stephen Younger, president of NST. According to Andriessen, Younger supported the decision to terminate. Thus, NST produced evidence of a “legitimate, non-retaliatory reason” for terminating Peterson’s -employment. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir.2008).
NST also established that it fired Folie shortly after it learned that he sent *478 the racist email, and that Mario Guerrero — who was not fired — followed company-policy by showing the racist email to his superior, Peterson. All of this evidence allowed the jury to conclude that Peterson failed to meet his “ultimate burden of persuasion,” Sanghvi v. City of Claremont, 328 F.3d 532, 537 (9th Cir.2003), on his federal- and state-law retaliation claims. Even if we were to assume that Peterson was engaged in protected activity, the jury reasonably could have declined to find that NST’s decision to terminate Peterson was “more likely than not ... motivated by a [retaliatory] reason.”[1] Miller v. Fairchild Indus., Inc., 885 F.2d 498, 504 & n. 4 (9th Cir.1989); see Allison v. Hous. Auth. of Seattle, 118 Wash.2d 79, 821 P.2d 34, 42 (Wash.1991) (holding that the Washington Law Against Discrimination requires a “plaintiff to prove that retaliation was a substantial factor behind the [adverse employment] decision”); see also Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir.1985) (finding company did not fire employee “because of any motive of reprisal for” employee filing grievances). Because there was “evidence adequate to support the [verdict],” Peterson was not entitled to judgment as a matter of law. Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir.2002).[2]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because the jury reasonably could have concluded that retaliation was not a motivating factor behind NST’s decision to terminate, we need not decide whether the more demanding but-for causation standard now applicable to retaliation claims under Title VII also applies to Peterson’s claim under 42 U.S.C. § 1981. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, - U.S. -, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013).

. Because we uphold the verdict, we need not consider Peterson's challenge to NST's affirmative defenses.